E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1893-GHK (VBKx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | *DHINTEC, Inc. v. Jose Garcia* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     **(In Chambers) Order Remanding Case**

　　On March 15, 2013, Salvador Partida ("Partida"), removed the above-titled unlawful detainer action to this Court. Partida is not a named Defendant in this action. Partida argued that he has standing to remove because he has a "prejudgment claim of right to possession as [a] real party in interest [under] Federal Rule[] of Civil Procedure 17." (Notice of Removal "NOR" at 2). The NOR also appeared to argue that we have federal question and diversity jurisdiction. The state court complaint alleges only a claim for unlawful detainer under California law, however. On March 21, 2013, we therefore ordered Partida to show cause why this matter should not be remanded because Partida lacks standing to remove and this Court lacks subject matter jurisdiction. We warned Partida that his failure to timely and adequately show cause would be deemed his admission that he lacks standing and this Court lacks subject matter jurisdiction, and in that event, this action would be remanded. On April 4, 2013, Partida responded to our OSC. A day later, he also filed a third party complaint.

　　In his OSC response, Partida repeats the arguments he made in his NOR. For example, he argues that he has standing because he is the real party in interest under FRCP 17. As we explained in our OSC, however, non-parties cannot remove, even when they claim to be a real party in interest under FRCP 17. *See Am. Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F.Supp.2d 296, 298-99 (S.D.N.Y.1999) ("a non-party – even one that, like Nabisco, claims to be a real party in interest – has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'"). As Partida has again failed to cite any relevant authority that he may remove this action, we find that Partida has failed to show cause why this action should not be remanded because Partida lacks standing to remove.

　　Next, Partida again appears to argue that the amount in controversy requirement for diversity jurisdiction is met because the property at issue in this unlawful detainer action is worth $384,000. As we explained in our OSC, however, the amount in controversy in this case does not exceed the jurisdictional threshold of $75,000. In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the damages sought in the Complaint determine the amount in controversy. *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). The Complaint clearly states that the amount demanded is "under $10,000." As such, there is

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1893-GHK (VBKx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | *DHINTEC, Inc. v. Jose Garcia* | | |

an insufficient amount in controversy to support diversity jurisdiction. Partida has failed to cite any relevant authority to the contrary. He has also failed to cite any relevant authority that a federal question appears on the face of this unlawful detainer action. Accordingly, we conclude that Partida has failed to show cause why this action should not be remanded for lack of subject matter jurisdiction.

Finally, Partida's third party complaint against JP Morgan Chase Bank (and others) does not establish standing or subject matter jurisdiction. As an initial matter, it is not clear how a non-party can file a third party complaint. Regardless, under the well pleaded complaint rule, which we explained in our OSC, a third party complaint cannot create subject matter jurisdiction. *Deutsche Bank Nat. Trust Co. v. Antonino*, 2012 WL 893734, at *4 (C.D. Cal. 2012) ("Nor is jurisdiction created by defendants' filing of a counterclaim and third party complaint that allege violations of federal law.").

In light of the foregoing, we conclude that Partida has failed to adequately show cause why this action should not be remanded for lack of standing and subject matter jurisdiction. Accordingly, this action is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

|  | -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |